T.C. Summary Opinion 2002-87


UNITED STATES TAX COURT


ROBERT C. JACOBSEN AND CAROL S. JACOBSEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13414-00S.           Filed July 11, 2002.


Robert C. Jacobsen and Carol S. Jacobsen, pro se.

<u>Robert B. Taylor</u>, for respondent.


COHEN, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.  The decision to be entered
is not reviewable by any other court, and this opinion should not
be cited as authority.  Unless otherwise indicated, all section
references are to the Internal Revenue Code in effect for the

year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $15,195 in petitioners' Federal income taxes for 1997. The deficiency resulted from disallowance of deductions for car and truck expenses, legal and professional expenses, and salaries and wages claimed on Schedule C, Profit or Loss From Business, attached to petitioners' Federal income tax return. Respondent made adjustments to petitioners' Schedule A, Itemized Deductions, and determined that petitioners were liable for a 10-percent additional tax on each petitioner's distribution from a retirement plan. After concessions, the issues remaining for decision are whether petitioners have adequately substantiated expenses subject to section 274(d) or for legal and professional fees claimed and whether the additional tax imposed on early distributions under section 72(t) applies to the distributions received from their retirement plans.

## Background

Petitioner Robert C. Jacobsen (Mr. Jacobsen) was licensed to sell real estate in Arizona and New Jersey prior to and during 1997. Petitioner Carol S. Jacobsen (Mrs. Jacobsen) was employed prior to 1995 as an executive secretary. In 1995, Mrs. Jacobsen was diagnosed with a heart condition, and a heart transplant was recommended. Mrs. Jacobsen had to give up her regular employment

and began to receive Social Security benefits. During 1997, petitioners spent a substantial amount of time at hospitals and going to and from hospitals and doctors' offices. Mrs. Jacobsen also performed services in Mr. Jacobsen's business during 1997.

Petitioners deducted on Form 1040, U.S. Individual Income Tax Return, Schedule C, $7,194 as "wages", consisting of $4,000 in compensation and $3,194 as employee expenses of Mrs. Jacobsen. The $4,000 was reported as wages by Mrs. Jacobsen on page 1 of the return and thus constituted a "wash". The $3,194 in employee expenses is allegedly vehicle expense, miscellaneous business expenses, and meals and entertainment expenses, which are still in issue in this case.

Petitioners reported no income from Mr. Jacobsen's real estate business on their tax return for 1997. In addition to the $3,194 in dispute as set forth above, deductions disallowed by respondent include $16,507 in car and truck expenses and $4,600 for legal and professional fees.

Mrs. Jacobsen was 54 years old in 1997. She received a distribution from her retirement account in the amount of $70,000. Mr. Jacobsen was 56 years old in 1997 and received a distribution from his retirement account in the amount of $35,550. Respondent determined that each of the distributions was subject to a 10-percent additional tax under section 72(t).

## Discussion

### Expenses Subject to Section 274(d)

Respondent contends that petitioners did not adequately substantiate the car and truck expenses deducted on their return, citing section 274(d). Because the disputed amount of $3,194 was claimed for Mrs. Jacobsen and identified as vehicle expenses and meals and entertainment expenses, the same considerations apply to those items. Sec. 274(d)(2), (4). Section 274(d) provides in part as follows:

> SEC. 274(d). Substantiation Required.--No deduction or credit shall be allowed--
>
> (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home),
>
> (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity,
>
> (3) for any expense for gifts, or
>
> (4) with respect to any listed property (as defined in section 280F(d)(4)),
>
> unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility or property, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility or property, or receiving the gift. The Secretary may by regulations provide that some or all of the requirements of the preceding sentence shall not apply

in the case of an expense which does not exceed an amount prescribed pursuant to such regulations.  * * *

In support of their claims to deductible car and truck expenses, petitioners presented a copy of a calendar for 1997, some bills and statements reflecting purchase of gas and rentals of automobiles, bills for insurance on three vehicles, and repair bills.  The calendar showed mileage for the first 3 months of the year.  To support his claim that he engaged in various marketing activities during 1997, Mr. Jacobsen presented copies of schedules of activities for the years 2000 and 2001 and testified that he engaged in the same type of activity in 1997. Mr. Jacobsen testified:

>     THE COURT:  I see your Schedule C reported no income for 1997 from your real estate business.  Why is that?
>
>     THE WITNESS [Mr. Jacobsen]:  Well, between running between the hospitals and trying to do things and getting referrals, I had to pass jobs off, or prospects off, and those things fell through most of the time. It was a tough year.
>
>     THE COURT:  Tell me how you used your car again. I mean how did you come up with the amount that's deducted.  $16,507 is a lot of car and truck expense and--
>
>     THE WITNESS:  I basically lived in my car.
>
>     THE COURT:  Well, you were running to the hospital a lot.  How did you distinguish between hospital runs and business runs?
>
>     THE WITNESS:  Well, logistically I went from my house to the hospital and then from there on to the office or beyond, so that that mile was inclusive.

Petitioners are not entitled to estimate deductible car and truck expenses without the substantiation of time, place, and business purpose required by section 274(d). See also section 280F(d)(4) with respect to expenses relating to passenger automobiles. Despite the volume of paper presented by petitioners, they have failed to satisfy the strict substantiation requirements of the applicable law. Even if we could accept Mr. Jacobsen's generalized testimony and assertions that all of the mileage related to attempts to secure business and to make contacts, the amount is unreasonable in view of his testimony about the severity of Mrs. Jacobsen's illness during 1997. On this record, no deduction for car and truck expenses or meals and entertainment expenses may be allowed.

Legal Expenses

Respondent contends that there is no evidence substantiating petitioners' claim that they incurred legal expenses during 1997 that were deductible as business expenses. Again, petitioners presented fragmentary documents that showed that certain payments were made. Neither the documents nor Mr. Jacobsen's testimony adequately or persuasively explained how the expenses related to his business. His testimony about the various matters discussed with regard to the services provided by the lawyer to whom payment was made suggests items that are not currently deductible. Mr. Jacobsen testified:

I was looking to start up my own real estate company at that time. In fact I'm still looking to do that--and real estate investments, REITS and such. We were going to buy and sell business and start a holding company. I started two other additional companies in that regard.

We were concerned about doing maybe business in California and New Jersey, so we talked about taxes and consequences thereof. We talked about Social Security and retirement; talked to him about hiring my wife as a consultant, and fees and salary and things like that. We also talked to him about having him work on cases that we thought we could sue her prior employer. So we gave him stipends and he deducted every time we called him or what have you.

Business startup expenses are deductible only as permitted under section 195. Investment expenses and advice concerning taxes are deductible under section 212, but only to the extent that the aggregate of miscellaneous itemized deductions exceeds 2 percent of adjusted gross income. Sec. 67(a). Legal fees relating to a suit against Mrs. Jacobsen's former employer might or might not be deductible depending on the nature of the lawsuit. In any event, the identified services included few, if any, services that would be deductible on Schedule C. The record does not include any basis for allocation. No deductions for legal expenses may be allowed.

Distributions From Retirement Plans

Section 72(t) provides in pertinent part as follows:

(t) 10-Percent Additional Tax on Early Distributions from Qualified Retirement Plans.--

(1) Imposition of additional tax.--If any taxpayer receives any amount from a qualified

retirement plan (as defined in section 4974(c)),
the taxpayer's tax under this chapter for the
taxable year in which such amount is received
shall be increased by an amount equal to
10 percent of the portion of such amount which is
includible in gross income.

   (2) Subsection not to apply to certain
distributions.--Except as provided in paragraphs
(3) and (4), paragraph (1) shall not apply to any
of the following distributions:

      (A) In general.--Distributions which
   are--

         (i) made on or after the date on
      which the employee attains age 59-1/2,

         (ii) made to a beneficiary (or to
      the estate of the employee) on or after
      the death of the employee,

         (iii) attributable to the
      employee's being disabled within the
      meaning of subsection (m)(7),

         (iv) part of a series of
      substantially equal periodic payments
      (not less frequently than annually) made
      for the life (or life expectancy) of the
      employee or the joint lives (or joint
      life expectancies) of such employee and
      his designated beneficiary, * * *

Section 72(m)(7) provides:

   (m) Special Rules Applicable to Employee Annuities
and Distributions Under Employee Plans.--

         *    *    *    *    *    *    *

      (7) Meaning of disabled.--For purposes of
   this section, an individual shall be considered to
   be disabled if he is unable to engage in any
   substantial gainful activity by reason of any
   medically determinable physical or mental
   impairment which can be expected to result in
   death or to be of long-continued and indefinite

> duration. An individual shall not be considered to be disabled unless he furnishes proof of the existence thereof in such form and manner as the Secretary may require.

Respondent argues that petitioners' claim that Mrs. Jacobsen was disabled is inconsistent with her performance of services in Mr. Jacobsen's business during 1997.

Mr. Jacobsen explained that Mrs. Jacobsen's activities in relation to his business were therapeutic, and we do not believe that a performance of office and administrative tasks at home is inconsistent with disability resulting from heart disease. We disallowed deductions for car and truck expenses partly because the substantial expenses that were claimed to be business related were unreasonable during the time that petitioners were dedicated to the care of Mrs. Jacobsen. We are satisfied that she was disabled for purposes of section 72(t) and that petitioners are not liable for the additional tax on the distribution from her retirement plan.

Mr. Jacobsen, however, relies on section 72(t)(2)(iv), with respect to the distribution from his retirement plan, claiming that the payments that he received over a period of years were substantially equal. Under Internal Revenue Service Notice 89-25, Q&A No-12, 1989-1 C.B. 662, 666, there are three methods that may be used to calculate substantially equal annual periodic payments: (1) Any method that would be acceptable for purposes of calculating the minimum distribution required under section

401(a)(9); (2) by amortizing the account balance over a number of years equal to the life expectancy of the account owner or the joint life and last survivor expectancy of the account owner and beneficiary (with life expectancies determined in accordance with section 1.401(a)(9)-1, Proposed Income Tax Regs., 52 Fed. Reg. 28081 (July 27, 1987)) at an interest rate that does not exceed a reasonable interest rate on the date payments commence; or (3) by dividing the account balance by an annuity factor (the present value of an annuity of $1 per year beginning at the age attained in the first distribution year and continuing for the life of the account owner) with such annuity factor derived using a reasonable mortality table and using an interest rate that does not exceed a reasonable interest rate on the date payments commence.

The parties have stipulated that Mr. Jacobsen received distributions from his individual retirement account of $16,770, $18,880, $23,330, $33,330, $31,100, and $35,550 in 1992, 1993, 1994, 1995, 1996, and 1997, respectively. At trial, Mr. Jacobsen presented various computations that he said supported his claim that the amounts were substantially equal under the annuity method described in Notice 89-25, supra. Respondent contends that the amounts distributed were not the amounts calculated for each year, that petitioners failed to substantiate that the calculation was based on the correct balance in the retirement

account at the time the withdrawal was made, and that petitioners did not employ a consistent interest rate in their calculations. We agree with respondent and conclude that petitioners have not shown that Mr. Jacobsen's distribution qualifies for an exception to the tax imposed under section 72(t).

Conclusion

Petitioners appear to have had a difficult year in 1997. However, throughout the proceedings in this case, Mr. Jacobsen made unwarranted accusations against respondent's representatives and complained that respondent's agents never explained exactly what would be required to substantiate petitioners' expenses. Mr. Jacobsen acknowledged that, in an earlier case in this Court, docket No. 18060-93, involving petitioners' liability for 1991, business expenses were disallowed in a bench opinion and that an appeal to the Court of Appeals for the Ninth Circuit was unsuccessful. See Jacobsen v. Commissioner, 103 F.3d 138 (9th Cir. 1996), affg. an Oral Opinion of this Court. Thus, by the time their return was filed for 1997, petitioners were on notice that they needed to substantiate better the deductions claimed on their returns. Our sympathy toward their personal situation does not mean that we can allow deductions that have not been substantiated in accordance with the legal requirements.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.